# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK
### CENTRAL ISLIP DIVISION

| | |
|---|---|
| LUIS MADUENO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSE CC, INC., CHUANG HENG REGO PARK LLC, EFIN MANAGEMENT CORPORATION, H&Z BUILDING CONSULTING, INC., EDGAR HERNANDEZ, MAYLING GUIM, EDWIN CRUZ, and JOHN DOES 1-10,<br><br>Defendants. | Case No.: 2:25-cv-6028<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT WITH DEMAND FOR <u>JURY TRIAL</u>** |

Plaintiff Luis Madueno (hereinafter "Plaintiff"), by and through his attorneys, Sage Legal LLC, on behalf of himself and all others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, respectfully brings this Complaint against Defendants Universe CC, Inc. ("Universe"), Chuang Heng Rego Park LLC ("CH"), Efin Management Corporation ("Efin"), H&Z Building Consulting, Inc. ("H&Z") (Universe, CH, Efin and H&Z collectively hereinafter the "Corporate Defendants"), Edgar Hernandez ("Hernandez"), Mayling Guim ("Guim"), Edwin Cruz ("Cruz") (Hernandez, Guim, and Cruz collectively hereinafter the "Individual Defendants"), and John Does 1-10 (together with the Corporate Defendants and the Individual Defendants collectively hereinafter the "Defendants") and alleges as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff brings this lawsuit seeking recovery against Defendants for their violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 *et seq.*, the New York Labor Law §§

190 *et seq.* and §§ 650 *et seq.* ("NYLL"), and the New York State Human Rights Law, N.Y. Exec. Law §§ 290–301 ("NYSHRL").

2.    Upon information and belief, over the course of the last six (6) years, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff for all hours worked in excess of forty (40) hours in a workweek, and retaliated against Plaintiff when he complained of the non-payment of the amount Defendants owe to him, in violation of the FLSA & NYLL.

3.    Further, Defendants discriminated against Plaintiff on the basis of his disability following a work-related injury and failed to afford him a reasonable accommodation in violation of the NYSHRL.

4.    Plaintiff has therefore commenced this action to recover unpaid wages he has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

6.    The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State law claims pursuant to 28 U.S.C. § 1367 because they arise out of a common nucleus of operative facts concerning Plaintiff's employment.

7.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendants in Queens, New York.

8.     At all times material hereto, Plaintiff performed non-exempt duties for the benefit of Defendants within the State and City of New York including within the Borough and County of Queens.

9.     At all times relevant, Defendants engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s), and had revenues exceeding $500,000.00 for every year in the past three (3) years.

10.     Plaintiff falls within the protections of the FLSA and satisfies the individual coverage requirements because Plaintiff engaged in interstate commerce to perform his duties by, *inter alia*, working on materials which moved between States.

## PARTIES

9.     Plaintiff is an adult individual who is and was a resident of Nassau County within the State of New York.

11.     Plaintiff was employed by the Defendants in the State of New York during the period of February 2022 through November 2022.

12.     Defendant Universe is a business entity organized under the laws of New York with a primary office located at 8715 51st Avenue, Elmhurst, NY 11373.

13.     Defendant CH is a business entity organized under the laws of New York with a primary office located at 463 7th Avenue, Suite 1603, New York, NY 10018.

14.     Defendant Efin is a business entity organized under the laws of New York with a primary office located at 13633 37th Avenue, Unit 8B, Flushing, NY 11354.

15.     Defendant H&Z is a business entity organized under the laws of New York with a primary office located at 201 46th Street, 1st Floor, Brooklyn, NY 11220.

3

16. At all relevant times, Defendants jointly controlled and directed the terms of employment and compensation of Plaintiff and all others similarly situated.

17. Upon information and belief, Defendant Hernandez is an adult individual residing within the State of New York.

18. Upon information and belief, at all times relevant, Hernandez exercised operational control over the Corporate Defendants.

19. At all times relevant, Hernandez served as Plaintiff's direct supervisor, had the power to hire and fire Plaintiff, as well as set the schedule, wages, and terms and conditions of Plaintiff's employment.

20. Upon information and belief, Defendant Guim is an adult individual residing within the State of New York.

21. At all times relevant, Guim served as the Corporate Defendants' accountant.

22. Upon information and belief, at all times relevant, Guim exercised operational control over the Corporate Defendants.

23. Upon information and belief, Defendant Cruz is an adult individual residing within the State of New York.

24. At all times relevant, Cruz had the power to hire and fire Plaintiff, as well as set the schedule and terms and conditions of Plaintiff's employment.

25. For example, Cruz provided specific instructions regarding how Plaintiff was to perform his work, as well as directives on tasks not to undertake.

26. Upon information and belief, at all times relevant, Cruz exercised operational control over the Corporate Defendants.

27. At all relevant times, Defendants were joint employers of the Plaintiff.

4

28.    At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of New York.

29.    Defendants John Does 1-10 represent other individuals who hired, fired, set the wages, schedule, and terms & conditions of employment for Plaintiff and all others similarly situated; their identities are presently unknown but will be discovered in this case whereupon Plaintiff will amend his complaint to add them as individual Defendants pursuant to Rule 15, 20, and/or 21 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

30.    Upon information and belief, Defendants John Does 1-10 reside within the State of New York.

## STATEMENT OF FACTS

31.    Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all hours worked for every workweek, including overtime premium mandated by the FLSA and NYLL.

32.    Plaintiff began working for Defendants in or around February 2022, as a construction worker with a regular work schedule of six (6) days a week in which he worked from 7:00 AM to 4:00 PM for three (3) days and from 7:00 AM and ending as late as 10:00 PM for the other three (3) days and worked for approximately sixty (60) hours per week.

33.    During the course of his employment, Defendants engaged in the practice of paying Plaintiff on a bi-weekly basis despite the fact that Plaintiff is a "manual worker" as defined in the NYLL.

34.    Given his weekly salary of $1,250.00 per week, Plaintiff's regular rate of pay was $20.83 per hour, and his overtime rate was $31.25 per hour; as such, Plaintiff was entitled to at least $10.42 per hour for every hour of overtime he worked, which he was never paid.

35.    In November 2022, Plaintiff suffered a traumatic work-related injury to his right shoulder, neck and forehead when he was hit by a piece of steel rebar, rendering him temporarily totally disabled.

36.    Because of the injury sustained by Plaintiff, he became unable to, among other things, lift heavy items.

37.    Plaintiff had been diligent in making regular appointments with his doctor to treat and assess his physical condition.

38.    On or after November 2022, Plaintiff spoke with the Defendants for the purpose of requesting accommodations and provided them medical documentation concerning his limitations due to his injury.

39.    Defendants, however, ignored Plaintiff's request and/or refused to discuss any reasonable accommodation, and instead, terminated Plaintiff's employment.

40.    At all times relevant, Defendants had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties.

41.    At all times relevant, Defendants had actual knowledge that they were obligated under the FLSA and NYLL to track and record Plaintiff's compensable hours accurately and with precision.

42.    Plaintiff, by reason of the non-payment of his wages, was then forced to stop reporting for work with Defendants after having his complaints concerning same fall on deaf ears.

43.    At all times during his employment with the Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performance.

44.    Upon information and belief, Defendants at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

45.    As a result of Defendants' violation and failure to pay proper wages, Plaintiff suffered concrete harm resulting from Plaintiff 's lack of pay that she should have received for his hours worked in compliance with the FLSA.

46.    Furthermore, Defendants' willful failure to keep accurate records of Plaintiff 's hours worked prevented Plaintiff from being able to calculate his total hours worked and determine if he was being paid in accordance with the FLSA.

47.    As a result of these violations of labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

48.    Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49.    Plaintiff brings this FLSA claim as a collective action on behalf of himself and others similarly situated who have been employed by Defendants during the full statute of limitations period (hereinafter the "FLSA Collective Members").

50.    At all relevant times, Plaintiff  and the FLSA Collective Members were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendants' practices of: (i) failing to compensate Plaintiff  and the FLSA Collective Members at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek; and (ii) failing to timely pay all wages owed.

51.    At all relevant times, Defendants have been fully aware of the duties performed by Plaintiff and the FLSA Collective Members, and that those duties were not exempt from the provisions of the FLSA.

52. Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective Members.

53.  As a result of their unlawful conduct, Defendants are liable to Plaintiff and the FLSA Collective Members for the full amount of their unpaid wages and late wages, with interest, plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiff and the FLSA Collective Members.

54. While the exact number of the FLSA Collective is unknown to Plaintiff at this time, upon information and belief, there are approximately ninety (90) individuals comprised of the FLSA Collective Members.

55. Plaintiff is currently unaware of the identities of the individual members of the FLSA Collective Members.

56. Accordingly, the Court should require Defendants to provide Plaintiff with a list of all individuals of the proposed FLSA Collective Members, along with their last known addresses, telephone numbers, and email addresses, so Plaintiff may provide the members of the FLSA Collective Action notice of this action and an opportunity to make an informed decision about whether to participate in it.

## **CLASS ACTION ALLEGATIONS**

57. Plaintiff brings this action, in part, as a class action under the NYLL as well as all applicable regulations thereunder pursuant to Rule 23.

**A.  Class Definition**

58.    Plaintiff seeks to maintain claims, pursuant to Rule 23, on behalf of himself and a class of all other employees who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Class").

59.    Additionally, Plaintiff seeks to maintain claims, pursuant to Rule 23, on behalf of himself and a subclass of all individuals who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Subclass").

60.    Plaintiff alleges, on behalf of himself and the Class, that Defendants violated the NYLL by, *inter alia*: (i) failing to compensate Plaintiff and the Class for all hours worked at their established regular rates of pay in accordance with their agreed terms of employment; (ii) failing to compensate Plaintiff and the Class at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek; (iii) failing to timely pay all wages owed; (iv) failing to provide Plaintiff and the Class with Notices of Pay Rate; and (v) failing to furnish accurate wage statements to Plaintiff and the Class.

61.    Plaintiff further alleges, on behalf of himself and the Subclass, that Defendants violated the NYLL by, *inter alia*, failing to compensate them and the Subclass at the State minimum wage for all hours worked.

62.    Plaintiff also alleges, in the alternative and on behalf of himself and the Class, that Defendants violated FIFA by, *inter alia*: (i) failing to pay all compensation owed; and (ii) failing to timely pay all compensation owed.

63.    Plaintiff, the Class, and the Subclass have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

64. The wage practices described herein are part of Defendants' normal course of conduct.

65. Pursuant to Rule 23, Plaintiff's NYLL claims may be pursued by all similarly situated persons who do not opt out of the Class or Subclass.

**B. Numerosity and Impracticability of Joinder**

66. The members of the Class and Subclass are so numerous that joinder is impracticable.

67. While the exact number of the members of the Class is unknown to Plaintiff at this time, upon information and belief, there are approximately ninety (90) members of the Class.

68. While the exact number of the members of the Subclass is unknown to Plaintiff at this time, upon information and belief, there are approximately ninety (90) members of the Subclass.

69. Therefore, the numerosity requirement of Rule 23(a) is satisfied.

**C. Common Questions of Law and Fact**

70. Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the Class and Subclass and predominate over any questions only affecting the members of the Class or Subclass individually.

71. Indeed, there are few, if any, purely individual issues in this action.

72. The questions of law and fact that are common to Plaintiff, the Class, and the Subclass include, without limitation:

(a) Whether Defendants failed to pay Plaintiff and the Subclass at the State minimum wage rate;

(b) Whether Defendants failed to pay Plaintiff and the Class for all hours worked at their regular rates of pay and in accordance with their agreed terms of employment;

(c) Whether Defendants failed to pay Plaintiff and the Class all overtime wages owed to them;

(d) Whether Defendants failed to timely pay Plaintiff and the Class their wages;

(e) Whether Defendants failed to provide Plaintiff and the Class with Notices of Pay Rate;

(f) Whether Defendants failed to furnish accurate wage statements to Plaintiff and the Class; and

(g) Whether Plaintiff, the Class, and the Subclass are entitled to liquidated damages and injunctive relief.

73.    Therefore, the common question requirement of Rule 23(a) is satisfied.

**D. Typicality of Claims and Relief Sought**

74.    Plaintiff's claims are typical of the claims of the members of the Class and Subclass they seek to represent.

75.    Plaintiff, the Class, and the Subclass work or have worked for Defendants, and are or were subject to the same compensation policies and practices.

76.    The wage violations suffered by Plaintiff, and the damages resulting therefrom, are typical of Defendants' treatment of their Employees, generally, and of the Class and Subclass, specifically.

77.    Therefore, the typicality requirement of Rule 23(a) is satisfied.

**E. Adequacy of Representation**

78.    Plaintiff will fairly and adequately protect the interests of the Class and Subclass because Plaintiff 's interests are coextensive and aligned with those of the members of the Class and Subclass.

79.    Plaintiff has no interests adverse to the Class and Subclass they seek to represent.

80.    Plaintiff is willing and able to represent the Class and Subclass fairly and vigorously, in part because they do not assert any individual claims separate and apart from the Class and Subclass she seeks to represent.

81.    Plaintiff has retained competent counsel who are qualified and experienced in employment class action litigation and able to meet the demands necessary to litigate a class action of this size and complexity.

82.    The combined interests, experience, and resources of Plaintiff and her counsel to competently litigate the individual and Class claims at issue in the instant action satisfy the adequacy of representation requirement of Rule 23(a).

**F. Requirements of Rule 23(b)(1)**

83.    Without certification of the Class and Subclass, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

84.    Accordingly, certification of the Class and Subclass is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Class, the Subclass, and Defendants.

85.    By filing this Complaint, Plaintiff preserves the rights of the members of the Class and Subclass with respect to the statute of limitations on their claims.

86.     Therefore, failing to certify the Class and Subclass would substantially impair and/or impede the ability of the members of the Class and Subclass to protect their interests.

**G. Requirements of Rule 23(b)(2)**

87.     Defendants acted on grounds, as described herein, generally applicable to Plaintiff, the Class, and the Subclass by denying Plaintiff and the Subclass minimum wages, and denying Plaintiff and the Class overtime wages, failing to pay them for all hours worked at their established rates of pay in accordance with their agreed terms of employment, failing to pay wages on time, and failing to provide Notices of Pay Rate and furnish accurate wage statements.

88.     These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff, the Class, and the Subclass as a whole.

89.     Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and overtime wages, wages paid at their regular rates of pay, timely payment of wages, Notices of Pay Rate and accurate wage statements.

90.     Declaratory and injunctive relief are the factual and legal predicates for Plaintiff's and the Class's and Subclass's entitlement to monetary and non-monetary remedies for such wage violations.

91.     Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**H. Requirements of Rule 23(b)(3)**

92.     The common issues of fact and law affecting Plaintiff's claims and those of the Class and Subclass — including, without limitation, the common issues identified in the paragraphs above — predominate over issues affecting only individual claims.

93.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiff 's claims and those of the Class and Subclass.

94.    The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the Class and Subclass to pursue their claims individually.

95.    This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the Class and Subclass (they must have worked for Defendants as Employees during the statutory period), as well as the common questions of law and fact described herein.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE FLSA: FAILURE TO PAY OVERTIME COMPENSATION
(*on behalf of the Plaintiff and the Collective Action Members*)

96.    Plaintiff, on behalf of himself and the FLSA Collective Members, re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

97.    During the full statutory period, Plaintiff and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq*., and applicable regulations thereunder.

98.    The FLSA requires covered employers, including Defendants, to compensate employees at a rate not less than one and one-half (1.5) times their regular rate of pay and at a rate not less than one and one-half times the federal minimum wage for all hours worked in excess of 40 hours in a workweek.

99.    Plaintiff and the FLSA Collective Members were not exempt from the requirement that their employer pay them overtime under the FLSA, and they are entitled to be paid overtime

14

by Defendants for all hours worked in excess of forty (40) hours in a workweek during the full statute of limitations period.

100.    Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiffs and the FLSA Collective Members at a rate not less than one and one-half (1.5) times their regular rate of pay for time spent performing work in excess of 40 hours in a workweek.

101.    As a result of Defendants' failure to compensate Plaintiffs and the FLSA Collective Members at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

102.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and the FLSA Collective Members in accordance with the FLSA and/or applicable regulations thereunder.

103.    Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective Members and entitle them to recover damages to the greatest extent permitted by law, including, inter alia, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**COUNT TWO**
**VIOLATION OF THE FLSA: LATE PAYMENT OF WAGES**
**(*on behalf of the Plaintiff and the Collective Action Members*)**

104.    Plaintiff, on behalf of himself and the FLSA Collective Members, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

15

105. During the full statutory period, Plaintiffs and the FLSA Collective Members were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and all applicable regulations thereunder.

106. The FLSA requires covered employers, including Defendants, to pay Plaintiff all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

107. Plaintiff and the FLSA Collective Members were not exempt from the requirement that Defendants timely pay them their wages.

108. During the statute of limitations period, Defendants have engaged in a policy and practice of failing to pay Plaintiffs and the FLSA Collective all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends.

109. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective Members all compensation earned in a particular workweek on the regularly scheduled pay day for the period in which such workweek ends, Defendants have violated the FLSA and/or applicable regulations thereunder.

110. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the FLSA Collective Members in accordance with the FLSA.

111. Defendants' violations of the FLSA have significantly harmed Plaintiff and the FLSA Collective Members and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

16

## COUNT THREE
### VIOLATION OF THE NYLL: FAILURE TO PAY OVERTIME COMPENSATION
*(on behalf of the Plaintiff and the Class)*

112. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

113. During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder.

114. The NYLL requires covered employers, including Defendants, to compensate employees at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek and at a rate not less than one and one-half (1.5) times the applicable State minimum wage for all hours worked in excess of forty (40) hours in a workweek.

115. Plaintiff and the Class were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendants for all hours worked in excess of forty (40) hours in a workweek during the full statute of limitations period.

116. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the Class at a rate not less than one and one-half times their regular rate of pay for time spent performing off-the-clock work in excess of 40 hours in a workweek.

117. As a result of Defendants' failure to compensate Plaintiff and the Class at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of

forty (40) hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

118.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

119.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## COUNT FOUR
### VIOLATION OF THE NYLL: LATE PAYMENT OF WAGES
**(*on behalf of the Plaintiff and the Class*)**

120.    Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

121.    Instead of paying Plaintiff on a weekly basis, Defendants opted to pay Plaintiff's wages on a bi-weekly basis in violation of the NYLL requiring that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned" (NYLL § 191).

122.    Because of this violation, Plaintiff is entitled to liquidated damages for each week he was paid late.

## COUNT FIVE
### VIOLATION OF THE NYLL: FAILURE TO PAY ALL WAGES OWED
**(*on behalf of the Plaintiff and the Class*)**

123.    Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

124. During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder.

125. The NYLL requires covered employers, including Defendants, to compensate Plaintiff and the Class at their established regular rates of pay for all hours worked in a workweek.

126. Plaintiff and the Class were not exempt from the requirement and are entitled to be paid by Defendants at their established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

127. Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiff and the Class at their established regular rates of pay for all hours worked.

128. As a result of Defendants' failure to compensate Plaintiff and the Class at their established regular rates of pay (or one and one-half times their established regular rates) for all hours worked, Defendants have violated the NYLL and/or applicable regulations thereunder.

129. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

130. Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, inter alia, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## COUNT SIX
## VIOLATIONS OF THE NYLL: NOTICE OF PAY RATE
### (*on behalf of the Plaintiff and the Class*)

131. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

132. During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq*., as well as all applicable regulations thereunder.

133. The NYLL requires covered employers, including Defendants, to provide employees, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer [ ]; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.

134. Plaintiff and the Class were not exempt from the requirement that Defendants provide them with Notices of Pay Rate.

135. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiff and the Class.

136. As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiff and the Class, Defendants have violated, *inter alia*, NYLL § 195.

137.    Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiff and the Class in accordance with the NYLL.

138.    Defendants' violations of the NYLL have significantly damaged Plaintiff  and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $50 for each workday the violation occurred, not to exceed $5,000.00, plus attorneys' fees and costs.

**COUNT SEVEN**
**VIOLATIONS OF THE NYLL: FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
**(*on Behalf of Plaintiff and the Class*)**

139.    Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

140.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq*., as well as all applicable regulations thereunder.

141.    The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ; and net wages."

142.    Plaintiff and the Class were not exempt from the requirement that Defendants provide them with accurate wage statements.

143. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiff and the Class.

144. As a result of Defendants' failure to furnish accurate wage statements to Plaintiff and the Class, Defendants have violated, *inter alia*, NYLL § 195.

145. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to furnish proper wage statements to Plaintiff and the Class in accordance with the NYLL.

146. Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $250 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**COUNT EIGHT**
**VIOLATION OF THE NYSHRL: FAILURE TO PROVIDE REASONABLE ACCOMODATION AND RETALIATION**
(*on Behalf of Plaintiff*)

147. Plaintiff repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

148. Defendants unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against him for seeking for an accommodation by reason of a work-related injury he sustained.

149. Plaintiff's medical condition meets the disability definition (42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g)(1)) and his limitation on lifting, among other things, is a major life activity under the American with Disabilities Act ("ADA") (42 U.S.C. § 12102(2)(1)(A) and 29 C.F.R. § 1630.2(i), which is recognized under the NYSHRL as a disability.

22

150. Plaintiff requested an accommodation for a light duty assignment that did not require lifting, but Defendants unlawfully denied this request and required Plaintiff to continue working tasks involving lifting heavy equipment, which is a clear violation of the pertinent provisions of the NYSHRL.

151. Plaintiff engaged in a protected activity when requesting a reasonable accommodation.

152. Plaintiff was fired soon after requested a reasonable accommodation.

153. Plaintiff's termination occurred under circumstances giving rise to an inference of retaliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Members, the Class, and the Subclass, respectfully requests that the Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and State laws, namely, the FLSA and NYSHRL;

B. Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216 and designating Plaintiff as the representative of the FLSA Collective Members, and his counsel of record as class counsel;

D. Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs and the FLSA Collective Members, plus such pre-judgment and post-judgment interest as may be allowed by law;

E.  Declare this action to be maintainable as a class action pursuant to Rule 23 and designating Plaintiff as the representative of the Class, and his counsel of record as class counsel;

F.  Designate Plaintiff as the representative of the Subclass, and his counsel of record as class counsel;

G.  Determine the damages sustained by Plaintiff, the Class, and the Subclass as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiffs, the Class, and the Subclass, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.  Award Plaintiffs, the FLSA Collective, the Class, and the Subclass an additional equal amount as liquidated damages because Defendants' violations were without a good faith basis;

I.  Award Plaintiff, the FLSA Collective, the Class, and the Subclass their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees;

J.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

K.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

L.  Grant Plaintiff, the FLSA Collective Members, the Class, and the Subclass such other and further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Jamaica, New York
      October 28, 2025                **SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
T: (718) 412-2421 (office)
T: (917) 807-7819 (cellular)
F: (718) 489-4155
E: emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Luis Madueno, on behalf of himself*
*and all others similarly situated*

25