UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUIS MADUENO, on behalf of himself and all others similarly situated,

                                 Plaintiff,

                        -against-

UNIVERSE CC, INC., CHUANG HENG REGO PARK LLC, EFIN MANAGEMENT CORPORATION, H&Z BUILDING CONSULTING, INC., EDGAR HERNANDEZ, MAYLING GUIM and EDWIN CRUZ,

                                Defendants.
------------------------------------------------------------------X

Case No.: 25-cv-6028

**ANSWER TO COMPLAINT**

       Defendant, EFIN MANAGEMENT CORPORATION, by and through its attorneys, Milber Makris Plousadis & Seiden, LLP, as and for a Verified Answer to Plaintiff LUIS MADUENO's Complaint, dated October 28, 2025, responds, upon information and belief, as follows:

## INTRODUCTION

      1.     Deny in the form alleged the truth of the allegations contained in Paragraphs 1, 2, 3 and 4 of the Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

## JURISDICTION AND VENUE

      2.     Deny in the form alleged the truth of the allegations contained in Paragraphs 5, 6, 7, 8, 9 and 10 of the Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

## PARTIES

3. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 9[1], 11, 12, 13, 15, 17, 19, 20, 23, 24, 25 and 30 of the Complaint.

4. Admit the truth of the allegations contained in Paragraph 14 of the Complaint.

5. Deny in the form alleged the truth of the allegations contained in Paragraphs 16, 18, 21, 22, 26, 27, 28 and 29 of the Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

## STATEMENT OF FACTS

6. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

7. Deny in the form alleged the truth of the allegations contained in Paragraphs 31, 32, 33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48 of the Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

## FLSA CLASS ACTION ALLEGATIONS

8. Deny in the form alleged the truth of the allegations contained in Paragraphs 49, 50, 51, 52, 53, 54, 55 and 56 of the Complaint and refer all questions of law to the Honorable Court and all questions of fact to the trier of fact.

## CLASS ACTION ALLEGATIONS

9. Deny in the form alleged the truth of the allegations contained in Paragraphs 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83,

---

[1] The Complaint contains two Paragraphs entitled "9".

84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94 and 95 of the Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE FLSA: FAILURE TO PAY OVERTIME COMPENSATION

10. In response to Paragraph 96 of the Verified Complaint, Defendant, EFIN MANAGEMENT CORPORATION, realleges and incorporates here by reference all responses contained in the paragraphs above.

11. Denies in the form alleged the truth of the allegations contained in Paragraphs 97, 98, 99, 100, 101, 102 and 103 of the Verified Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

### COUNT TWO
### VIOLATION OF THE FLSA: LATE PAYMENT OF WAGES

12. In response to Paragraph 104 of the Verified Complaint, Defendant, EFIN MANAGEMENT CORPORATION, realleges and incorporates here by reference all responses contained in the paragraphs above.

13. Denies in the form alleged the truth of the allegations contained in Paragraphs 105, 106, 107, 108, 109, 110 and 111 of the Verified Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

### COUNT THREE
### VIOLATION OF THE FLSA: FAILURE TO PAY OVERTIME COMPENSATION

14. In response to Paragraph 112 of the Verified Complaint, Defendant, EFIN MANAGEMENT CORPORATION, realleges and incorporates here by reference all responses contained in the paragraphs above.

15. Denies in the form alleged the truth of the allegations contained in Paragraphs 113, 114, 115, 116, 117, 118 and 119 of the Verified Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

## COUNT FOUR
## VIOLATION OF THE FLSA: LATE PAYMENT OF WAGES

16. In response to Paragraph 120 of the Verified Complaint, Defendant, EFIN MANAGEMENT CORPORATION, realleges and incorporates here by reference all responses contained in the paragraphs above.

17. Denies in the form alleged the truth of the allegations contained in Paragraphs 121 and 122 of the Verified Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

## COUNT FIVE
## VIOLATION OF THE NYLL: FAILURE TO PAY ALL WAGES OWED

18. In response to Paragraph 123 of the Verified Complaint, Defendant, EFIN MANAGEMENT CORPORATION, realleges and incorporates here by reference all responses contained in the paragraphs above.

19. Denies in the form alleged the truth of the allegations contained in Paragraphs 124, 125, 126, 127, 128, 129 and 130 of the Verified Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

## COUNT SIX
## VIOLATIONS OF THE NYLL: NOTICE OF PAY RATE

20. In response to Paragraph 131 of the Verified Complaint, Defendant, EFIN MANAGEMENT CORPORATION, realleges and incorporates here by reference all responses contained in the paragraphs above.

21. Denies in the form alleged the truth of the allegations contained in Paragraphs 132, 133, 134, 135, 136, 137 and 138 of the Verified Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

## COUNT SEVEN
### VIOLATIONS OF THE NYLL: FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

22. In response to Paragraph 139 of the Verified Complaint, Defendant, EFIN MANAGEMENT CORPORATION, realleges and incorporates here by reference all responses contained in the paragraphs above.

23. Denies in the form alleged the truth of the allegations contained in Paragraphs 140, 141, 142, 143, 144, 145 and 146 of the Verified Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

## COUNT EIGHT

### COUNT EIGHT VIOLATIONS OF THE NYLL: FAILURE TO PROVIDE REASONABLE ACCOMODATION AND RETALIATION

24. In response to Paragraph 147 of the Verified Complaint, Defendant, EFIN MANAGEMENT CORPORATION, realleges and incorporates here by reference all responses contained in the paragraphs above.

25. Denies in the form alleged the truth of the allegations contained in Paragraphs 148, 149, 150, 151, 152 and 153 of the Verified Complaint and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

26. Plaintiff was not an employee of EFIN MANAGEMENT CORPORATION as defined by the FLSA and applicable regulations, and therefore, Plaintiff is not entitled to relief under the FLSA.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

27. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations set forth in 29 U.S.C. § 255(a) and 29 U.S.C. § 216(b), as Plaintiff failed to bring this action within the prescribed time period.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

28. Plaintiff's claims fail to state a claim upon which relief can be granted against EFIN MANAGEMENT CORPORATION, in whole or in part, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

29. Plaintiff was, if at all, properly compensated for all hours worked, in accordance with the FLSA and applicable regulations, and any alleged damages are denied.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

30. Any claims by Plaintiff that are subject to a valid and enforceable FLSA settlement or arbitration agreement approved by the Court are barred, stayed, or otherwise limited by the terms of such agreement.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

31. Plaintiff did not engage in protected activity under the Fair Labor Standards Act, New York Labor Law, or any other applicable statute, and therefore cannot sustain a retaliation claim.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

32. There was no adverse employment action taken against Plaintiff within the meaning of the FLSA, NYLL, or applicable law.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

33. Any actions taken with respect to Plaintiff were based on legitimate, non-retaliatory, and non-pretextual business reasons, including but not limited to performance, attendance, or operational considerations, and were not motivated by any alleged protected activity.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

34. Plaintiff cannot establish a causal connection between any alleged protected activity and any alleged adverse action, and therefore cannot satisfy the elements of a retaliation claim.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

35. Plaintiff's alleged damages, if any, were caused in whole or in part by Plaintiff's own conduct, including Plaintiff's voluntary resignation, abandonment of work, or failure to mitigate damages.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

36. Plaintiff failed to mitigate damages, including by failing to seek or accept comparable employment, and any recovery must be reduced accordingly.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

37. Plaintiff's retaliation claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

38. Plaintiff's claims fail to state a claim upon which relief can be granted under the FLSA, NYLL, or applicable law.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

39. EFIN MANGEMENT CORP. was not Plaintiff's employer or joint employer with respect to the alleged retaliatory conduct.

### AS AND FOR A FIRST CROSSCLAIM AGAINST
### H&Z BUILDING CONSULTING, INC.
### (Contractual Indemnification)

40. EFIN MANGEMENT CORP. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" though "39", *supra*, with the same force and effect as if fully set forth at length herein.

41. At all relevant times, EFIN MANAGEMENT CORP. and H&Z BUILDING CONSULTING, INC. were parties to a written agreement governing work performed at the project.

42. The agreement contains an express indemnification provision requiring H&Z BUILDING CONSULTING, INC. to indemnify, defend, and hold harmless EFIN MANAGEMENT CORP. from and against claims, damages, losses, liabilities, costs, and expenses arising out of or resulting from H&Z BUILDING CONSULTING, INC.'s work and/or its failure to comply with applicable laws, including labor and wage laws.

43. Plaintiff alleges that he was not paid wages and/or overtime compensation allegedly owed in connection with work performed for H&Z BUILDING CONSULTING, INC. and/or its subsubcontractor, UNIVERSE CC, INC.

44. EFIN MANAGEMENT CORP. denies that it was Plaintiff's employer or a joint employer and denies any liability under the Fair Labor Standards Act, the New York Labor Law, or any other statute.

45. To the extent — and only in the event — EFIN MANAGEMENT CORP. is found liable to Plaintiff notwithstanding the absence of an employment relationship, any such liability would arise solely from H&Z BUILDING CONSULTING, INC. and/or its subsubcontractor, UNIVERSE CC, INC.'s, work, acts or omissions, including failure to comply with applicable wage and hour laws as required by the Agreement.

46. Pursuant to the express terms of the agreement, H&Z BUILDING CONSULTING, INC. is obligated to indemnify and defend EFIN MANAGEMENT CORP. for losses, damages, costs, and expenses incurred as a result of H&Z BUILDING CONSULTING, INC.'s breach of its contractual obligations, including its obligation to comply with applicable labor and wage laws.

47. EFIN MANAGEMENT CORP. seeks contractual indemnification from H&Z BUILDING CONSULTING, INC. to the extent permitted by law, and for damages, costs, and expenses arising from H&Z BUILDING CONSULTING, INC.'s breach of the agreement, including defense costs, attorneys' fees, and any amounts paid as a result of such breach.

48. EFIN MANAGEMENT CORP. does not seek indemnification for Plaintiff's unpaid wages or statutory damages to the extent such indemnification is prohibited by the FLSA, the NYLL, or public policy.

**AS AND FOR A SECOND CROSSCLAIM AGAINST
H&Z BUILDING CONSULTING, INC.**

49. EFIN MANAGEMENT CORP. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" though "48", *supra*, with the same force and effect as if fully set forth at length herein.

50. H&Z BUILDING CONSULTING, INC. failed to procure and/or maintain insurance in accordance with the express terms of the Subcontract. Specifically, H&Z BUILDING

CONSULTING, INC. did not obtain, maintain, or keep in effect insurance policies sufficient to cover the claims asserted in the Complaint.

## AS AND FOR A FIRST CROSSCLAIM AGAINST UNIVERSE CC, INC.

### (Contractual Indemnification)

51. EFIN MANGEMENT CORP. repeats, reiterates and realleges each and every allegation contained in paragraphs "1" though "50", *supra*, with the same force and effect as if fully set forth at length herein.

52. At all relevant times, H&Z BUILDING CONSULTING, INC. and UNIVERSE CC, INC. were parties to a written agreement governing work performed at the project. EFIN MANAGEMENT CORP. is a third-party beneficiary of the agreement between H&Z BUILDING CONSULTING, INC. and UNIVERSE CC, INC.

53. The agreement contains an express indemnification provision requiring UNIVERSE CC, INC. to indemnify, defend, and hold harmless EFIN MANAGEMENT CORP. from and against claims, damages, losses, liabilities, costs, and expenses arising out of or resulting from UNIVERSE CC, INC.'s work and/or its failure to comply with applicable laws, including labor and wage laws.

54. Plaintiff alleges that he was not paid wages and/or overtime compensation allegedly owed in connection with work performed for UNIVERSE CC, INC.

55. EFIN MANAGEMENT CORP. denies that it was Plaintiff's employer or a joint employer and denies any liability under the Fair Labor Standards Act, the New York Labor Law, or any other statute.

56. To the extent — and only in the event — EFIN MANAGEMENT CORP. is found liable to Plaintiff notwithstanding the absence of an employment relationship, any such liability

10

would arise solely from UNIVERSE CC, INC.'s, work, acts or omissions, including failure to comply with applicable wage and hour laws as required by the Agreement.

57. Pursuant to the express terms of the agreement, UNIVERSE CC, INC. is obligated to indemnify and defend EFIN MANAGEMENT CORP. for losses, damages, costs, and expenses incurred as a result of UNIVERSE CC, INC.'s breach of its contractual obligations, including its obligation to comply with applicable labor and wage laws.

58. EFIN MANAGEMENT CORP. seeks contractual indemnification from UNIVERSE CC, INC. to the extent permitted by law, and for damages, costs, and expenses arising from H&Z BUILDING CONSULTING, INC.'s breach of the agreement, including defense costs, attorneys' fees, and any amounts paid as a result of such breach.

59. EFIN MANAGEMENT CORP. does not seek indemnification for Plaintiff's unpaid wages or statutory damages to the extent such indemnification is prohibited by the FLSA, the NYLL, or public policy.

**AS AND FOR A SECOND CROSSCLAIM AGAINST**
**UNIVERSE CC, INC.**

60. CHUANG HENG REGO PARK LLC repeats, reiterates and realleges each and every allegation contained in paragraphs "1" though "59", *supra*, with the same force and effect as if fully set forth at length herein.

61. UNIVERSE CC, INC. failed to procure and/or maintain insurance in accordance with the express terms of the Subcontract. Specifically, UNIVERSE CC, INC. did not obtain, maintain, or keep in effect insurance policies sufficient to cover the claims asserted in the Complaint.

WHEREFORE, Defendant, EFIN MANAGEMENT CORPORATION, demands judgment in its favor dismissing the Complaint together with the costs and disbursements of this action; and

EFIN MANAGEMENT CORPORATION demands judgment on its crossclaims against H&Z BUILDING CONSULTING, INC. and UNIVERSE CC, INC., together with such other and further relief as the document may deem just and proper.

Dated: Purchase, New York
December 23, 2025

                                      MILBER, MAKRIS, PLOUSADIS, & SEIDEN, LLP

                                      */s/ Michael Hemway*
Michael Hemway, Esq. (MH-3355)
Counsel for Defendant EFIN MANAGEMENT CORPORATION
100 Manhattanville Road, Suite 4E20
Purchase, NY 10577
Mhemway@milbermakris.com
914-231-8059
File No. 1800-33164